IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Revelations in Christ Ministries | ) | Case No. 22-13919-EEB |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Robyn Bellamy and Mark Bellamy, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 23-_____-EEB |
| | ) | |
| Revelations in Christ Ministries, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF INDEBTEDNESS PURSUANT TO 11 U.S.C. §§ 523(a)(4) and (a)(6)

Plaintiffs Robyn Bellamy and Mark Bellamy, through their counsel Goodreid & Grant LLC, submit their Complaint to Determine Dischargeability of Indebtedness Pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6) against Debtor Revelations in Christ Ministries (the "Debtor") as follows:

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b).

2.      This is a core proceeding as defined under 28 U.S.C. § 157(b)(2)(I) as it concerns a determination of the dischargeability of a particular debt.

3.      Venue in this case is proper pursuant to 28 U.S.C. § 1409.

4.     This is an adversary proceeding to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

5.     Complaints to determine the dischargeability of a debt are permissible in a Subchapter V case.  11 U.S.C. § 1192 (2023); *Cantwell-Cleary Co., Inc. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*, 36 F.4th 509, 517-518 (4th Cir. 2022).

6.     Plaintiffs consents to the entry of final orders and judgment by the Bankruptcy Court.

## PARTIES

7.     Plaintiffs are residents of the State of Oregon.

8.     The Debtor is a Colorado limited liability company that filed a chapter 11 bankruptcy proceeding on October 7, 2022.

## FACTUAL ALLEGATIONS

9.     The Debtor is a purported seller and provider of "tiny homes."  According to the Debtor's website, the company's "driving passion is to spread the love of Christ to those in need."

10.     In February 2021, Plaintiff Robyn Bellamy entered into a written agreement with the Debtor for the design, sale, and delivery of a tiny home.  The agreed upon price was $46,364.75.

11.     Ms. Bellamy tendered the purchase price, plus an additional $1,560.00 for an installation upgrade, to the Debtor in March 2021.  Thus, Ms. Bellamy paid the Debtor a total of $47,924.75.  Ms. Bellamy expected that her funds would be used only to construct her tiny home, and the Debtor was obligated to use her funds only to construct her tiny home.

12.     The Debtor promised to deliver Ms. Bellamy's tiny home in the middle of July 2021.  Subsequently, the Debtor told Ms. Bellamy that the construction of her tiny home would be delayed until the end of July 2021 because the Debtor did not have a trailer upon which to construct her tiny home

13.     Sometime later, the Debtor informed Ms. Bellamy that the construction of her tiny home again had been rescheduled, this time until the end of October 2021.  No reason was given for the delay.  Subsequently, the Debtor told Ms. Bellamy that construction of her tiny home would be delayed until the beginning of December 2021.  Again, the Debtor did not provide Ms. Bellamy with a reason for the change in the production date.

14.     In November 2021, the Debtor left Ms. Bellamy a voicemail stating that production of her tiny home had been pushed to February 2022.  In January 2022, Ms. Bellamy received an e-mail from the Debtor stating that the building of her tiny home had been moved to March 2022.  The last communication that Ms. Bellamy received from the Debtor was that construction of her tiny home had been moved to May 2022.  In none of these instances did the Debtor provide Ms. Bellamy with a reason for the delay.

15.     In Spring 2022, Ms. Bellamy demanded that the Debtor either refund her money or build and deliver her tiny home immediately.  The Debtor responded that it would refund her money only if the Debtor could sell her unbuilt tiny home to someone else.

16.     Plaintiff Mark Bellamy entered into a written agreement with the Debtor in May 2021 for the design, sale, and delivery of a tiny home.  The agreed upon price was $32,477.00, which would be paid in installments over the course of a year.  Mr. Bellamy

was not required to pay all the installments prior to the production and delivery of his tiny

home.  From May 2021 through January 2022, Mr. Bellamy paid a total of $21,646.50

toward the purchase price of his tiny home.  Mr. Bellamy expected that his funds would

be used only to construct his tiny home, and the Debtor was obligated to use his funds

only to construct his tiny home.

17.     When Mr. Bellamy entered into the purchase agreement with the Debtor in

May 2021, the Debtor informed him that his tiny home would be built by the end of

October 2021.  Subsequently, without explanation, the Debtor change the putative

construction date to December 2021 and then to February 2022

18.     When it became apparent to Mr. Bellamy early in 2022 that the supposed

February 2022 production would not occur, he ceased making the remaining installment

payments pursuant to the building contract.  In early February 2022, Mr. Bellamy

demanded that the Debtor either produce his tiny home within 30 days or provide him

with a full refund of his money.  The Debtor did neither.

### FIRST CLAIM FOR RELIEF
**(Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(4))**

19.     Plaintiffs incorporate the allegations set forth in paragraphs 1 through 18

above as though expressly stated herein.

20.     The funds paid by Plaintiffs to the Debtor were Plaintiffs' property.

21.     As a contractor, the Debtor was required to hold Plaintiffs' funds in trust

for the Plaintiffs' benefit (C.R.S. § 38-22-127).

22.     The Debtor retained Plaintiffs' funds without Plaintiffs' authorization.

23.     The Debtor retained Plaintiffs' funds with the intent to deprive Plaintiffs

permanently of the use and benefit of their funds, and knowingly used Plaintiffs' funds

for the Debtor's benefit in such a manner as to deprive Plaintiffs permanently of the use and benefit of their funds.

24.     The Debtor's conduct as described herein constitutes civil theft under C.R.S. §§ 18-4-401(1), 18-4-405, and/or 38-22-127.

25.     The Debtor's theft of Plaintiffs' funds constitutes fraud or defalcation or larceny as the Debtor was required to hold Plaintiffs' funds in trust for Plaintiffs' benefit.

26.     The Debtor's misconduct resulted in damages to Plaintiffs.

27.     As a result of the Debtor's defalcation while acting in a fiduciary capacity and/or larceny, the debts owed to Plaintiffs are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(4) and 1192.

## SECOND CLAIM FOR RELIEF
### (Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))

28.     Plaintiffs incorporate the allegations set forth in paragraphs 1 through 27 above as though expressly stated herein.

29.     By intentionally depriving Plaintiffs of the benefit of Plaintiffs' funds and knowingly using Plaintiffs' funds for the Debtor's benefit, the Debtor intended to, and did, cause injury to Plaintiffs.

30.     Such conduct constitutes civil theft under C.R.S. §§ 18-4-401(1), 18-4-405, and/or 38-22-127 and, therefore, is wrongful and without just cause.

31.     As a result of the Debtor's willful and malicious injury to Plaintiffs by stealing Plaintiffs' funds, the debt owed to Plaintiffs are non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(6) and 1192.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court award the following relief:

1.      Enter judgment in Plaintiffs' favor and against the Debtor for damages in an amount to be determined at trial, including pre- and postjudgment interest, attorney's fees, and costs;

2.      Determine that the damages caused by the Debtor to Plaintiffs are nondischargeable pursuant to 11 U.S.C. 11 U.S.C. §§ 523(a)(4), 523(a)(6) and 1192; and

3.      Award such other relief as may be just and equitable.

DATED this 6th day of January 2023.

By:___/s/Paul M. Grant_____
Paul M. Grant, #26517
Goodreid & Grant LLC
7761 Shaffer Parkway, Suite 105
Littleton, CO 80127
Telephone:  (720) 810-4235
pgrant@goodreidgrant.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2023, the foregoing was served via PACER on the following:

Aaron J. Conrardy
2580 W. Main Street, Suite 200
Littleton, CO 80120

Joli A. Lofstedt, Trustee
P.O. Box 270561
Louisville, CO 80027

I further certify that on January 6, 2023, the foregoing was served by first-class U.S. mail on the following:

Revelations in Christ
3697 S. Natches Ct.
Englewood, CO 80110

/s/Paul M. Grant
Paul M. Grant