UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | Case No. 22-13919 EEB |
| REVELATIONS IN CHRIST MINISTRIES, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| ROBYN BELLAMY and MARK BELLAMY, ) | Adv. Proc. No. 23-01005 EEB |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| REVELATIONS IN CHRIST MINISTRIES, ) | |
| ) | |
| Defendant. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Revelations in Christ Ministries (the "Defendant"), by and through its counsel Wadsworth Garber Warner Conrardy, P.C., hereby submits this Answer and Affirmative Defenses to Plaintiffs Robyn Bellamy and Mark Bellamy's (together, the "Plaintiffs") Complaint to Determine Dischargeability of Indebtedness Pursuant to 11 U.S.C. §§ 523(a)(4) and (a)(6) (the "Complaint"), and states as follows:

Responses to Numbered Allegations

1. Defendant admits the allegations of paragraph 1 of the Complaint.

2. Defendant admits the allegations of paragraph 2 of the Complaint.

3. Defendant admits the allegations of paragraph 3 of the Complaint.

4. A response is not required to the allegations of paragraph 4 of the Complaint. To the extent a response is required, Defendant denies the allegations of paragraph 4 of the Complaint.

5. The statutes and case law cited in the allegations of paragraph 5 of the Complaint speak for themselves. Defendant denies the allegations of paragraph 5 of the Complaint.

6. Defendant admits the allegations of paragraph 6 of the Complaint.

7. Defendant admits the allegations of paragraph 7 of the Complaint.

8. Defendant admits the allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations of paragraph 9 of the Complaint.

10. The February 2021 written agreement speaks for itself. Defendant denies the remaining allegations of paragraph 10 of the Complaint.

11. Defendant admits that it received $47,924.75 towards the purchase of a tiny home. Defendant denies the remaining allegations of paragraph 11 of the Complaint.

12. Defendant denies the allegations of paragraph 12 of the Complaint.

13. Defendant denies the allegations of paragraph 13 of the Complaint.

14. The relevant voicemails and emails speak for themselves. Defendant denies the remaining allegations of paragraph 14 of the Complaint.

15. Defendant denies the allegations of paragraph 15 of the Complaint.

16. Defendant denies the allegations of paragraph 16 of the Complaint.

17. Defendant denies the allegations of paragraph 17 of the Complaint.

18. Defendant denies the allegations of paragraph 18 of the Complaint.

19. In response to paragraph 19 of the Complaint, Defendant incorporates its responses to the preceding paragraphs as if fully set forth at length.

20. Defendant is without sufficient information and belief to either admit or deny the allegations of paragraph 20 of the Complaint and therefore denies the allegations.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant denies the allegations of paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. Defendant denies the allegations of paragraph 25 of the Complaint.

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Defendant incorporates its responses to the preceding paragraphs as if fully set forth at length.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies each and every allegation not specifically admitted herein.

## Affirmative Defenses

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs' recovery is barred in whole or in part by estoppel.

3. Plaintiffs have failed to mitigate their damages, if any.

4. Plaintiffs' recovery is barred in whole or in part by waiver.

5. Funds used were not expended in a manner prohibited by C.R.S. § 38-22-101, *et seq.*, or other applicable law.

6. Defendant reserves the right to add to or amend these affirmative defenses.

## Statement Regarding Jurisdiction

1. Defendant consents to entry of final orders and judgment by the Bankruptcy Court.

WHEREFORE, Defendant prays that the Court dismiss the Complaint in its entirety with prejudice, award Defendant its attorneys' fees and costs, and grant such other and further relief as the Court deems just.

DATED this 6th day of February 2023.

        Respectfully submitted,

        WADSWORTH GARBER WARNER CONRARDY, P.C.

        */s/ Aaron J. Conrardy*
        David V. Wadsworth, #32066
        Aaron J. Conrardy, #40030
        2580 West Main Street, Suite 200
        Littleton, Colorado 80120
        303-296-1999 / 303-296-7600 FAX
        dwadsworth@wgwc-law.com
        aconrardy@wgwc-law.com
        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2023, a true and accurate copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** was placed in the U.S. Mail, first-class postage prepaid, or delivered electronically via CM-ECF, to the addresses listed below:

Paul M. Grant
pgrant@goodreidgrant.com

        */s/ Angela Garcia*
        For Wadsworth Garber Warner Conrardy, P.C.